IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CLYDE O. CARTER, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 02-0848-CV-W-SOW |
| | ) | |
| THE KANSAS CITY SOUTHERN | ) | |
| RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are defendant's Motion for Judgment as a Matter of Law or in the Alternative, A New Trial (Doc. #204), plaintiff's Suggestions in Opposition, and defendant's Reply. For the reasons stated below, defendant's motion is granted in part and denied in part.

I. Background

Defendant seeks judgment as a matter of law based upon the doctrine of *res judicata*. In the alternative, defendant seeks a reduction of the punitive damages awarded by the jury or a new trial based upon the lack of a limiting instruction. Plaintiff opposes defendant's motion.

Plaintiff Jeffery filed a prior claim against defendant on October 30, 2001. *See Jeffery v. Kansas City Southern Railway Co.*, No. 01-01153-FJG. This case challenged only defendant's refusal to allow plaintiff to return to work after an absence until he produced a medical excuse in October of 2000. Jeffery challenged defendant's action, claiming that it was racially discriminatory because defendant did not require Caucasian workers to produce a medical excuse in order to return to work.

The Complaint in the case before this Court was filed on September 6, 2002. This case originally involved three plaintiffs, all of whom alleged that there was a pattern and practice of

racial harassment and discrimination in defendant's workplace.[1] Plaintiff's original attorney, Elle Sullivant, explained in a telephone conference before this Court that she had not received right-to-sue letters on the two additional plaintiffs until after the deadline for adding parties in the first case.

It is undisputed that at the trial in this case, plaintiff Jeffery testified to incidents of racial harassment beginning in 1995. These incidents occurred prior to the filing of plaintiff's first EEOC Complaint.

With respect to the punitive damages issue, plaintiff testified at trial that he did not tell Rick Mygatt, the General Car Foreman, or Tim Lincoln, the Mechanical Supervisor, about any racial harassment prior to making a complaint on February 26, 2002. It is undisputed that after plaintiff made a complaint on February 26, 2002, Mygatt forwarded plaintiff's complaint to Rich Vendetti in defendant's Human Resources department. Then, defendant undertook an investigation pertaining to Kelly Fletcher's activities in the workplace. It is undisputed that Fletcher's employment was subsequently terminated.

Defendant established at trial that it had policies in place prohibiting racial harassment. These policies explained who should be contacted by an employee who felt that he was experiencing harassment and/or discrimination.

Car foremen employed by defendant are union members. They do not have the authority to hire, fire, or discipline other employees.

II. Standard

---

[1] Plaintiffs Clyde O. Carter and Lawrence Hopkins settled their claims against defendant prior to trial.

Pursuant to Federal Rule of Civil Procedure 50(b):

> (1) If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion.

Federal Rule of Civil Procedure 50(b)(1) gives the court three options in ruling on a renewed motion for judgment after trial: (A) allow the judgment to stand, (B) order a new trial, or (C) direct entry of judgment as a matter of law . . . .

### III. Discussion

A. *Res Judicata*

Defendant argues that plaintiff's claims in this case are precluded by the doctrine of *res judicata*. "Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Park Lane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326, n. 5, 99 S. Ct. 645, 58 L. Ed.2d 552 (1979). A party cannot re-litigate a claim that was raised in a previous lawsuit or could have been raised in a previous lawsuit. Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir. 1982).

Defendant argues that plaintiff Jeffery was aware of his racial harassment claim at the time he filed his first lawsuit against defendant. The Court acknowledges that plaintiff Jeffery may have had knowledge of some incidents of racial harassment when he filed his first lawsuit against defendant. The first lawsuit, however, was limited to the isolated issue of discrimination against him as an African-American employee in requiring that he produce a medical excuse in order to return to work after an absence on two specific dates in October of 2000. Plaintiff did not bring a claim that he was being subjected to a hostile work environment based upon his race or systematic discrimination based upon his race.

At the time plaintiff filed his first EEOC Complaint, and even his first lawsuit, many of the more egregious instances of racial harassment and discrimination had not yet occurred. The evidence at trial was that many of the offensive actions and comments occurred in 2002. This case was filed in September of 2002 and it was filed by three of the four African-American employees who worked for defendant during the relevant time period. Two of these employees could not have been joined in plaintiff's first lawsuit because they had not yet obtained right-to-sue letters from the EEOC when the deadline for adding parties in the first lawsuit expired.

Then, defendant filed a successful motion in limine to prevent plaintiff Jeffery from introducing any evidence other than the evidence relating directly to the medical excuses in the first trial.

The case before this Court was plaintiff's first opportunity to litigate his claims that he was subjected to a hostile work environment, harassment, and discrimination based upon his race. Accordingly, defendant's motion for judgment as a matter of law based upon the doctrine of *res judicata* is denied.

B.  Punitive Damages

Next, defendant argues that it is entitled to judgment as a matter of law on punitive damages or, in the alternative, a reduction of the punitive damage award. Punitive damages can be awarded when a plaintiff establishes that the defendant acted with reckless indifference or malice imputable to defendant. Kolstad v. American Dental Association, 527 U.S. 526, 559, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999).

Defendant argues that there is no evidence of malice, wanton, willful, or outrageous acts, or reckless disregard that would justify an award of punitive damages. The United States Court of Appeals for the Eighth Circuit has instructed courts to focus on the conduct related to the

plaintiff's claim, rather than the conduct of the defendant in general.  Williams v. ConAgra Poultry Co., 378 F.3d 790, 796-97 (8th Cir. 2004)(citing BMW of N. Am. v. Gore, 517 U.S. 559, 575, 116 S.Ct. 1589 (1996)).

Plaintiff admitted in his trial testimony that he did not report any acts of discrimination or harassment to Rick Mygatt or Tim Lincoln until February 26, 2002.  In response to this complaint, defendant immediately commenced an investigation and took the necessary steps to terminate the employment of the alleged harasser, Kelly Fletcher.  There is no evidence of any malice, outrageous acts, or reckless disregard on the part of defendant.

In response to defendant's argument, plaintiff argues that Mr. Vendetti, in defendant's Human Resources department, did not respond "adequately" to letters provided by plaintiff Jeffery's physician, Dr. Berlin.  The Court finds that these letters did not require a response.  The letters simply requested medical leave for plaintiff Jeffery and it is undisputed that such leave was granted.

To the extent that plaintiff relies on Clyde Carter's testimony about being threatened by Mr. Mygatt and Mr. Lincoln with termination if he continued to make complaints or to pursue "racial claims," Mr. Carter acknowledged that he continued to make complaints and was never terminated.  In addition, there is no evidence that plaintiff Jeffery was ever threatened in this way.  As a result, this evidence cannot support plaintiff Jeffery's claim for punitive damages. State Farm Mut. Auto. Inc. Co. v. Campbell, 538 U.S. 408, 422-23, 123 S.Ct. 1513 (2003); Williams v. ConAgra Poultry Co., 378 F.3d at 796-97.  In fact, in response to the only complaint ever made by plaintiff Jeffery, defendant investigated and terminated the individual identified as the harasser.

With respect to plaintiff's claim that white workers were supplied with tools promptly by

Mr. Mygatt while African-American workers had to submit multiple requests for tools, often in writing, plaintiff Jeffery and his fellow African-American co-workers were unable to identify the types of tools they were denied. They were also unable to explain how they knew that white workers received tools in a more favorable manner. The evidence at trial certainly fell short of demonstrating that defendant acted with malice or reckless disregard.

It is undisputed that defendant had anti-discrimination and anti-harassment polices in place both before and after the incidents complained about by plaintiff Jeffery. Defendant posted those policies, distributed those policies, and conducted at least some training on those policies.

As recognized in Kolstad v. American Dental Association, 527 U.S. at 545:

> In the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's "good faith efforts to comply with Title VII."

The evidence adduced at trial supports defendant's claim that it made a good faith effort to comply with Title VII. In response to plaintiff Jeffery's only complaint, defendant took prompt remedial action by terminating the offending employee.

The Court finds that defendant is entitled to judgment as a matter of law on plaintiff's claim for punitive damages. The punitive damages award is set aside.

C. Limiting Instruction

Defendant argues that it is entitled to a new trial because the Court refused to submit a limiting instruction requested by defendant. The proposed instruction would have informed the jury that car foremen are not agents of defendant for whom defendant is responsible.

The Court finds that defendant is not entitled to a new trial based upon the refusal of this proposed instruction. There is no basis for concluding that the jury's verdict would have been different if such an instruction had been given.

IV.  Conclusion

For the reasons stated above, it is hereby

ORDERED that defendant's Motion for Judgment as a Matter of Law or in the Alternative, A New Trial (Doc. #204) is granted in part and denied in part.  It is further

ORDERED that defendant's Motion for Judgment as a Matter of Law based upon *res judicata* is denied.  It is further

ORDERED that defendant's Motion for Judgment as a Matter of Law on plaintiff's claim for punitive damages is granted and the punitive damage award is hereby set aside.  It is further

ORDERED that defendant's Motion for a New Trial is denied.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: <u>4-19-05</u>