IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CLYDE O. CARTER, JR., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 02-0848-CV-W-SOW |
| | ) |
| THE KANSAS CITY SOUTHERN | ) |
| RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court are plaintiff's Motion for Attorney Fees and Costs (Doc. #214), plaintiff's Motion to Modify Exhibits Attached to Plaintiff's Motion and Memorandum in Support of Proposed Bill of Costs (Doc. #217), defendant's Suggestions in Opposition to Plaintiff Jeffery's Motion for Attorneys Fees and Costs, and plaintiff's Reply. For the reasons stated below, plaintiff's motion for attorney fees and costs is granted in part and denied in part while plaintiff's motion to modify exhibits is granted.

I. Standard

A plaintiff who successfully brings an action under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1, et seq., may have his attorney's fees and other costs awarded to him. The starting point for determining the amount of a reasonable attorney fee award is the number of hours reasonably expended by the prevailing party multiplied "by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed.2d 40 (1983).

The United States Court of Appeals for the Eighth Circuit has adopted twelve factors to

be considered in determining a reasonable fee award: (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service required properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Hardman v. Board of Education, 714 F.2d 823, 835 (8th Cir. 1983)(quoting Johnson v. Georgia Highway Express, 488 F.2d 714, 716-17 (5th Cir. 1974)).

II. Discussion

A. Attorney Fees of Chuck Chionuma

Defendant challenges the proposed $250 hourly rate sought by lead plaintiff's counsel, Chuck N. Chionuma. Despite Mr. Chionuma's failure to present any evidence that this is a customary rate in this district for litigating an employment discrimination case, the Court finds that it is a customary rate based upon the Court's knowledge of similar fee applications.

Mr. Chionuma entered this case well after discovery had begun. Mr. Chionuma assumed the representation of Mr. Jeffery after plaintiff Jeffery's previous attorneys sought leave to withdraw from their representation of him. Mr. Chionuma managed to complete discovery on behalf of Mr. Jeffery, defeat defendant's summary judgment motion, and litigate the case to a successful jury verdict. The Court finds that it is reasonable for Mr. Chionuma to bill his time at the rate of $250 per hour.

According to the bill presented by Mr. Chionuma, he spent 146 hours working on Mr.

Jeffery's case. Defendant challenges only two of Mr. Chionuma's billing entries: the entries on March 28, 2004 and March 29, 2004 regarding deposition preparation. Defendant asserts that Mr. Chionuma did not appear "at the deposition." A review of Mr. Chionuma's bill shows entries for deposition preparation and witness preparation on March 28 and 29, 2004. Following those entries are billing entries by Mr. Zimmerman for apparently attending three days of depositions. Mr. Chionuma has not billed time for attending a deposition on those dates. It is possible that Mr. Chionuma conducted deposition and witness preparation and then Mr. Zimmerman attended the depositions that followed. The Court will not disallow Mr. Chionuma's billing entries based upon the record before the Court.

In sum, Mr. Chionuma billed 146 hours while representing Mr. Jeffery. Taking those hours and multiplying them by the rate of $250.00 per hour results in a reasonable attorney fee for Mr. Chionuma of $36,500.00.

B. <u>Fees Attributed to John Zimmerman</u>

The motion filed by Mr. Chionuma seeks an award of fees based upon substantial time billed by John W. Zimmerman at a rate of $150.00 per hour. Mr. Chionuma characterizes Mr. Zimmerman as a "law clerk." In a footnote, Mr. Chionuma explains that Mr. Zimmerman was a trial attorney for thirteen years before his voluntary resignation from the Missouri Bar in 1994.

Defendant objects to the submission of Mr. Zimmerman's "time as part of an attorneys' fee application." As defendant notes, Mr. Zimmerman "ethically could have undertaken nothing but clerical work in this matter, as he lacks a law license." At a minimum, defendant objects to Mr. Zimmerman's time being billed at the same rate as Lyra L. Johnson, Mr. Chionuma's associate who does have a law license.

3

In <u>Missouri v. Jenkins by Agyei</u>, 491 U.S. 274, 284-89, 109 S.Ct. 2463, 2469-72 (1989), the United States Supreme Court held that it is proper to compensate the work of law clerks and paralegals performed on a Title VII case. While it may be proper to compensate an attorney or law firm for the work of law clerks, there are several noticeable problems with many of the billing entries submitted by Mr. Zimmerman and the fee sought for Mr. Zimmerman's work.

Mr. Zimmerman has submitted numerous large block billing entries with very little description of how the time was spent. Some of these entries are for things such as "logistical meetings with office personnel." These are not legitimate billing submissions. In addition, the Court will not allow Mr. Zimmerman to bill for conferences with Mr. Chionuma, particularly since Mr. Chionuma did not bill for such conferences. The Court also disallows all time billed for conferences between Mr. Zimmerman and Ms. Elle Sullivant. Ms. Sullivant sought to withdraw from her representation of Mr. Jeffery in July of 2003 and her withdrawal was approved on August 5, 2003. No explanation has been given to the Court as to why Mr. Zimmerman would have spent time conferring with Ms. Sullivant on multiple occasions.

In his Reply brief, Mr. Chionuma argues that "there is no ethical restriction that denies Mr. Zimmerman the privilege - *at a lawyer's supervision and direction* - to **help** prepare in significant ways a case for trial . . . ." (Pl. Reply Brief at p. 3, emphasis added). Yet, it appears that Mr. Zimmerman performed much of his work unsupervised by a licensed attorney. As mentioned above, it appears from Mr. Chionuma's billing statement that Mr. Zimmerman attended multiple days of depositions on behalf of Mr. Jeffery in lieu of a licensed attorney from Mr. Chionuma's firm. Since Mr. Zimmerman is not a licensed attorney, he would not have had any authority to object or otherwise protect Mr. Jeffery's interests at said depositions. The Court

will not approve an award of fees for the time Mr. Zimmerman spent observing depositions in this case.

Similarly, defendant challenges Mr. Chionuma's motion for fees for Mr. Zimmerman's time spent attending the trial in this case. While Mr. Chionuma is entitled to make the decision to have Mr. Zimmerman attend the trial, the Court will not require defendant to pay for Mr. Zimmerman's time at trial.

Given the ambiguities in many of Mr. Zimmerman's entries, to the extent the Court allows Mr. Chionuma to submit Mr. Zimmerman's time, the time submitted for Mr. Zimmerman's work will be cut in half.

The Court also finds that the rate sought by Mr. Chionuma for the work performed by Mr. Zimmerman is unreasonable. Mr. Chionuma seeks the same rate for Mr. Zimmerman as he seeks for the licensed associate in his office who performed work on this case. It is not reasonable for an unlicensed "law clerk's" time to be billed at the same rate as a licensed attorney. Therefore, the Court will approve a rate of $50.00 per hour for the allowable work performed by Mr. Zimmerman.

The Court finds that Mr. Zimmerman *reasonably* billed 50 hours in this matter. At a rate of $50.00 per hour, this results in a fee of $2,500.00 for Mr. Zimmerman's time.

C.  Fees for Work Performed by Lyra L. Johnson

Mr. Chionuma employs Lyra L. Johnson as an associate. Mr. Chionuma seeks fees of $150 per hour for work performed by Ms. Johnson. Ms. Johnson only billed .20 of an hour on this case and the Court will allow that charge of $30.00.

D.   Fees for Work Performed by Salva Katosang

Mr. Chionuma represents to the Court that Salva Katosang is his paralegal. Mr. Chionuma seeks fees for the work performed by Ms. Katosang at the rate of $75.00 per hour. Defendant objects to the fees requested for Ms. Katosang's work. Defendant argues that most of the billing entries for Ms. Katosang are "of a secretarial nature (copying documents, downloading pleadings, organizing pleadings) that are part of a law firm's overhead . . . ." Defendant asserts that such work would not be properly billed to a client and, therefore, should not be included in any fee award.

The Court will disallow the billing entries where Salva Katosang records time for performing secretarial duties such as copying documents, making telephone calls, filing pleadings, and downloading pleadings. Organizing documents is appropriate paralegal work. The Court will not allow time for conferences with Mr. Zimmerman and Mr. Chionuma.

For March 22, 2004, Katosang claims to have spent 24 hours working on the case. The Court questions the validity of this entry and will disallow it in its entirety. As with Mr. Zimmerman's billing entries, the entries for Salva Katosang are block entries that fail to delineate the time spent on legitimately billed work as opposed to conferences or secretarial work. This makes it difficult for the Court to evaluate many of Ms. Katosang's entries.

The Court finds that Salva Katosang *reasonably* spent 30 hours working on Mr. Jeffery's case. At a rate of $75.00 per hour, this results in a fee of $2,250.00.

E.   Fee Enhancement Requested by Mr. Chionuma

Mr. Chionuma asks the Court to adjust his fee award upward by $15,000.00 based upon the result obtained at trial. There is no basis for an upward adjustment of the attorney's fee

6

award in this case.

F.     Witness Fee of Roger Berlin

Plaintiff asks the Court to award him the fee for his testifying witness Dr. Roger Berlin. Plaintiff claims that he paid Dr. Berlin a fee of $2,895.00. Dr. Berlin was plaintiff's treating psychiatrist. He was not an expert witness in this case. Defendant suggests that the fee should be limited to the standard statutory witness fee of $45.00. The Court agrees.

G.     Fees Sought by Elle Sullivant

Mr. Chionuma requests attorney's fees on behalf of plaintiff Jeffery's original counsel, Elle Sullivant. Mr. Chionuma has attached an affidavit and an attorney's fee statement from Ms. Sullivant.

As an initial matter, the Court notes that Ms. Sullivant's affidavit erroneously states that she "has represented Stephen Jeffery in the present litigation as co counsel from October 2001 to the present." In fact, Ms. Sullivant represented Mr. Jeffery in a previous case that was filed in 2001 and went to trial in 2003 before the Honorable Fernando Gaitan. The case before this Court was filed in 2002. Furthermore, Ms. Sullivant withdrew from her representation of Mr. Jeffery in this matter in July of 2003. Her withdrawal from her representation of Mr. Jeffery was approved by the Court on August 5, 2003. After that date, Mr. Jeffery was without representation for several months until Mr. Chionuma entered his appearance in February of 2004. Ms. Sullivant is not entitled to any fees for representing Mr. Jeffery after August 5, 2003.

As for work performed prior to August 5, 2003, Ms. Sullivant was representing three plaintiffs in this matter. Ms. Sullivant's time sheets for the period of time between February of 2002 and August of 2003 fail to take into account that much of the work was performed on

7

behalf of all three clients, not just Mr. Jeffery.

Ms. Sullivant also appears to have included fees and costs from the previous lawsuit she filed on behalf of Mr. Jeffery. Defendant has raised other concerns about Ms. Sullivant's supposed billing sheets, such as the fact that she billed eight hours on May 9, 2003 for "preparation for 30(b)(6) deposition," but plaintiffs did not file a notice on this deposition until June 18, 2003 and scheduled it for July 8, 2003. Ms. Sullivant subsequently billed another nine hours for the same preparation on July 7, 2003. Ms. Sullivant billed for preparation and attendance at a 30(b)(6) deposition on July 8, 2003; however, she did not attend any deposition on that date.

In addition, the time sheet submitted on behalf of Ms. Sullivant purports to be a time sheet that reflects the hours billed by Ms. Sullivant as well as the hours billed by Gene Graham and other attorneys with his law firm. Yet, the time sheet does not indicate which attorney billed the hours stated.

Finally, as with Mr. Zimmerman's entries, Ms. Sullivant's time sheets include large block entries of time with very little description of how the time was spent. In many cases, the time allegedly spent on the described task is completely unreasonable based upon the information provided.

Given all of the issues the Court has identified with respect to the billing sheets submitted by Ms. Sullivant, the Court declines to award her any attorney's fees in this matter. Ms. Sullivant withdrew from her representation of Mr. Jeffery over a year and half prior to trial. There is no basis for finding that her efforts in any way contributed to plaintiff prevailing on his claim of hostile work environment. In fact, Ms. Sullivant's poor representation of the other two

8

plaintiffs in this case necessitated a continuance of the case from the October 2004 trial docket to a special setting in January of 2005.

III. Conclusion

For the reasons stated above, it is hereby

ORDERED that plaintiff's Motion for Attorney Fees and Costs (Doc. #214) is granted in part and denied in part. It is further

ORDERED that Mr. Chuck Chionuma and his law firm are awarded attorney's fees in the amount of $41,325.00. The Clerk of the Court shall rule on plaintiff's Bill of Costs. It is further

ORDERED that plaintiff's Motion to Modify Exhibits Attached to Plaintiff's Motion and Memorandum in Support of Proposed Bill of Costs (Doc. #217) is granted.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 4-19-05